[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on November 18, 1967 at Darlington, South Carolina. The plaintiff has resided in this state for one year next prior to March 1996. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground. The court has carefully considered the criteria set forth in §§ 46b-81 and 46b-82 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 30 years, although they have lived separate and apart on several occasions. Their four children, issue of the marriage, are all over the age of 18 years. The plaintiff is 46 years of age and has a high school education. She has worked as a machine operator during the course of the marriage. She last worked in 1994 and is presently living with her daughter. The plaintiff is seeking employment.
The defendant is 49 years of age. He has a sixth grade education. He has worked mostly in the moving business. He is presently receiving $146 per week from a Workmen's Compensation settlement. The defendant was recently laid off from his employment where he was earning approximately $12 per hour driving a truck and training. He is hopeful of obtaining unemployment compensation of $260 per week. He expects to return to work with his former employer as soon as the moving business picks up in the warmer weather.
Neither party has any pension, nor retirement, nor savings. The parties plan to file bankruptcy to dispose of a substantial amount of liabilities. Both parties have medical problems.
The parties were unable to resolve their marital CT Page 1606 difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter.
ALIMONY
1. So long as the defendant only has income of $146 per week from his Workmen's Compensation, then the defendant shall pay to the plaintiff as periodic alimony the sum of $50 per week commencing forthwith.
2. In the event the defendant obtains unemployment compensation of at least $200 per week, or returns to gainful employment, whichever event shall first occur, then the defendant shall pay to the plaintiff as periodic alimony the sum of $100 per week, commencing one week after the defendant obtains unemployment compensation or returns to work.
3. The defendant shall notify the plaintiff, within 72 hours, of his obtaining unemployment compensation or returning to gainful employment.
4. Said alimony shall be paid until the death of the plaintiff, her remarriage or cohabitation, or the death of the defendant.
5. The court shall take a second look at the award of alimony as to term and amount upon the defendant's retirement or collection of Social Security benefits.
PERSONAL PROPERTY
The defendant shall be the sole owner of the 1985 Audi motor vehicle and he shall hold the plaintiff harmless from any and all liability in connection with said motor vehicle, including any motor vehicle property taxes.
DEBTS
1. The defendant shall be responsible for any and all indebtedness due the IRS and shall save the plaintiff harmless therefrom.
2. The parties plan to file bankruptcy which will dispose of CT Page 1607 their dischargeable debts. The defendant shall be responsible for any joint debts incurred during the marriage and not dischargeable in bankruptcy and shall hold the plaintiff harmless therefrom.
ARREARS
The defendant is in arrears in the amount of $200 as of February 21, 1997. Said arrears shall be paid within 30 days after defendant receives unemployment compensation or returns to gainful employment, whichever event shall first occur.
Coppeto, J.